IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALVARO CORNEJO HERNANDEZ,** | : | |
| Petitioner | : | |
| | : | No. 1:19-cv-344 |
| v. | : | |
| | : | (Judge Kane) |
| **WARDEN CLAIR DOLL,** | : | |
| Respondent | : | |

**MEMORANDUM**

Before the Court is Petitioner Alvaro Cornejo Hernandez ("Petitioner")'s petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the constitutionality of his prolonged detention by the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Petitioner requests that the Court either hold a bond hearing, release him on bond, or direct that a bond hearing be held before an immigration judge. (Id. at 8.) Following an Order to Show Cause (Doc. No. 5), Respondent filed a response, contending that Petitioner's petition should be denied because his "detention is lawful, he failed to exhaust the denial of bond, and he received all due process procedures to which he is entitled." (Doc. No. 7 at 13.) The Court received Petitioner's traverse on May 15, 2019. (Doc. No. 8.) Accordingly, Petitioner's § 2241 petition is ripe for resolution. For the reasons set forth below, the Court will deny Petitioner's § 2241 petition.

**I.    BACKGROUND**

Petitioner is a citizen and national of Mexico. (Doc. No. 7-1 at 3.) He claims that he entered the United States without inspection at or near Texas in 2001. (Id.) On August 13, 2005, Petitioner was arrested by the Reading Township Police Department and charged with driving under the influence and driving without a license. (Id. at 5.) He was convicted of driving under

the influence on November 14, 2005, and sentenced to six (6) months of the Intermediate Punishment Program.  (Id.)

On June 29, 2018, Petitioner was arrested and charged in the Court of Common Pleas for York County, Pennsylvania, with DUI: General Impairment/Incapable of Driving Safely-1st Offense, DUI: Highest Rate of Alcohol (BAC .16+)-1st Offense, disregarding traffic lane, and driving without a license.  (Id. at 14.)  On July 23, 2018, ICE arrested Petitioner and charged him as being removable pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") because he was an alien present in the United States without being admitted or paroled.  (Id. at 3, 6.)

On September 18, 2018, an immigration judge denied Petitioner's request for bond, noting that Petitioner was a danger to the community due to his multiple DUIs.  (Id. at 8.)  Petitioner reserved his right to appeal, which was due by October 18, 2018.  (Id.)  On April 8, 2019, an immigration judge denied Petitioner's application for cancellation of removal, ordered him removed to Mexico, and granted Petitioner's request for voluntary departure until May 23, 2019.  (Id. at 10.)  Both parties reserved the right to appeal, which was due by May 8, 2019.  (Id.)  On April 10, 2019, Petitioner pled guilty to DUI: Highest Rate of Alcohol (BAC .16+)-1st Offense and was sentenced to a minimum of 72 hours and a maximum of six (6) months of confinement.  (Id. at 15.)  According to the automated immigration court's information system, Petitioner's appeal to the Board of Immigration Appeals ("BIA"), which was received on April 23, 2019, remains pending.[1]

---

[1] The phone number for the Department of Justice's Executive Office for Immigration Review immigration case status information hotline is 1-800-898-7180.  See https://www.justice.gov/eoir/customer-service-initiatives.

## II.     DISCUSSION

Because Petitioner's appeal of the immigration judge's denial of his application for cancellation of removal is pending before the BIA, his order of removal has not become administratively final and he is still considered to be in pre-removal detention. See 8 U.S.C. § 1231(a)(1)(B)(i) (providing that the removal period begins on the "date the order of removal becomes administrativel final"). Therefore, "decisions concerning his ongoing detention are at the discretion of the immigration judge." Perez-Cobon v. Bowen, Civ. No. 17-1550, 2017 WL 6039733, at *2 (M.D. Pa. Dec. 6, 2017) (citing 8 U.S.C. § 1226(a)).

The Attorney General, through the DHS district director, has the authority to detain aliens during the pre-removal period. 8 U.S.C. § 1226(a). Specifically, "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." Id. The Attorney General is authorized to continue detention of the alien, release the alien on bond, or release the alien on conditional parole. 8 U.S.C. § 1226(a)(1)-(2). This discretionary judgment is not subject to review, and "[n]o court may set aside any action or decision by the Attorney General under [§ 1226] regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e).

If bond is denied and the alien is still in pre-removal detention, he or she may seek release by requesting a bond redetermination hearing before an immigration judge. 8 C.F.R. §§ 236.1(d), 1003.19. Such a request "shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e). An alien may appeal the immigration judge's decision regarding the bond redetermination to the BIA. 8 C.F.R. § 236.1(d)(3). However, the BIA's decision to detain or

release an arrested alien on bond is discretionary and not subject to judicial review. 8 U.S.C. § 1226(e).

Respondent asserts that Petitioner failed to exhaust his administrative remedies as to the September 18, 2018 denial of Petitioner's request for a change in custody status and determination that he is a danger to the community because of his multiple DUIs. (Doc. No. 7 at 9-10.) Specifically, Respondent argues that Petitioner failed to appeal this decision to the BIA. (Id. at 9.) The Court finds that the record supports this contention.

The United States Court of Appeals for the Third Circuit has provided guidance as to exhaustion of administrative remedies for bond hearings and redeterminations when an alien, such as Petitioner, is in discretionary detention pursuant to § 1226(a), as opposed to those under mandatory detention under § 1226(c). The Third Circuit has noted:

> Unlike the mandatory detention statute at issue in [Demore v.] Kim, [538 U.S. 510 (2003),] § 1226(a) provides for individualized detention determinations. Aliens detained pursuant to § 1226(c) may be released if they demonstrate they would not pose a danger to property or persons and they are likely to appear for any future proceedings. 8 C.F.R. § 236.1(c)(8). The alien may request a bond redetermination hearing before an [immigration judge]. 8 C.F.R. § 236.1(d)(1). An [immigration judge] may grant an alien's request for bond redetermination where the alien has shown that his "circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e). The alien may appeal the [immigration judge's] bond decision to the BIA. 8 C.F.R. § 236.1(d)(3).

Contant v. Holder, 352 F. App'x 692, 695 (3d Cir. 2009) (per curiam). Thus, discretionary detainees under § 1226(a) "have a whole set of administrative remedies that should be exhausted before a petition for writ of habeas corpus would be necessary." Modesto v. Lowe, No. 1:17-cv-02165, 2018 WL 1123706, at *3 (M.D. Pa. Feb. 26, 2018). In his traverse, Petitioner asserts that he disagrees with the immigration judge's denial of bond. (Doc. No. 8 at 3.) Petitioner, however, had the available remedy of appealing the immigration judge's decision to the BIA. The record does not indicate that he filed such an appeal.

4

Moreover, the record indicates that Petitioner's detention is not in violation of due process. In Contant, the Third Circuit addressed a similar habeas petition filed by a pre-removal alien subject to discretionary detention under § 1226(a).[2] Contant had been taken into custody by DHS and ordered detained without bond. Contant, 352 F. App'x at 693. An immigration judge then conducted a redetermination hearing and again denied Contant bond. Id. Contant appealed, and the BIA affirmed the immigration judge's decision. Id. Contant subsequently filed a habeas petition, claiming that his indefinite detention without review violated his due process rights. Id. at 694. The Third Circuit, however, concluded that Contant's nineteen (19)-month pre-removal immigration detention was not "indefinite" in violation of due process because a decision on his removal appeared reasonably foreseeable and there was no indication that he could not be removed to his native country at the conclusion of removal proceedings. Id. at 695-96.

Here, as in Contant, Petitioner is being held in pre-removal detention pursuant to § 1226(a). He was afforded a bond hearing and had the ability to appeal the immigration judge's determination to the BIA. At Petitioner's bond hearing, the immigration judge considered the relevant factors, determined Petitioner to be a danger to the community because of his multiple DUIs, and denied his request for a change in custody status. (Doc. No. 7-1 at 8.) Subsequently, an immigration judge denied Petitioner's application for cancellation of removal, ordered him removed to Mexico, and granted his application for voluntary departure until May 23, 2019. (Id. at 10.) Thus, the record indicates that Petitioner was afforded the review provided by the applicable regulations and that his detention is not indefinite in violation of due process.

---

[2] As noted supra, Petitioner is being held in discretionary detention pursuant to § 1226(a). In his traverse, he erroneously argues that he is subject to mandatory pre-removal detention pursuant to 8 U.S.C. § 1226(c). (See generally Doc. No. 8.)

## III.	CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1), will be denied.  An appropriate Order follows.